UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS D. HALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12-cv-00477 |
| | ) Judge Sharp |
| JEWEL STEELE, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate at the DeBerry Special Needs Facility in Nashville, Tennessee. The petitioner has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

The court entered a deficiency order on May 29, 2012, alerting the petitioner that his application was deficient. (Docket No. 3). The court directed the petitioner to comply with the court's order within thirty (30) days of the date of receipt. (*Id.*)

The petitioner requested an extension of time within which to comply with the court's order (Docket No. 6), which the court granted on July 10, 2012, (Docket No. 7), giving the plaintiff an additional twenty-one (21) days to comply.

More than twenty-one (21) days have passed since the entry of the court's order. The docket sheet reveals that the Clerk mailed the petitioner a copy of the court's order of July 10, 2012, on the same day. (Docket No. 8). The docket sheet further reveals that the petitioner received the court's order as the petitioner signed the court's certified mail receipt card on July 16, 2012, and returned

1

it to the court on July 17, 2012. (Docket No. 16). Yet, the petitioner has not responded to the court's order.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

Accordingly, the petitioner's writ of *habeas corpus* brought under 28 U.S.C. § 2254 is **DENIED**, and this action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Rule 8(a), Rules – Section 2254 Cases.

Should the petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and an application for a certificate of appealability, *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); Rule 22(b), Fed. R. App. P., which will **NOT** issue*, see* 28 U.S.C. § 2253(c)(2); *see Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997)(overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge